UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON T. GATES,

    Petitioner,

v.

JEFF UTTECH,

    Respondent.

CASE NO. 2:21-cv-00690-RAJ-JRC

ORDER DENYING MOTIONS TO AMEND AND FOR AN EVIDENTIARY HEARING AND ORDER TO SHOW CAUSE

Petitioner filed a petition under 28 U.S.C. § 2254. Dkt. 12. Before the Court are the petition, petitioner's motion to amend the petition (Dkt. 18), and petitioner's motion for evidentiary hearing (Dkt. 19). As discussed below, the Court denies the motion to amend and denies without prejudice the motion for evidentiary hearing. Furthermore, the Court orders petitioner to show cause why it should not dismiss the petition as moot.

Petitioner has been released from prison. Therefore, it appears that the Court cannot grant him the relief that he requests in his petition. So this Court orders petitioner to show cause why it should not dismiss the petition as moot. The Court denies petitioner's motion to amend because

the relief he requests is unavailable in a habeas corpus case. Also, the Court denies without prejudice petitioner's motion for evidentiary hearing because it is premature and duplicates his prior request for an evidentiary hearing.

## BACKGROUND

On July 21, 2020, pursuant to a guilty plea, the Island County Superior Court ("trial court") adjudged petitioner guilty of tampering with a witness—domestic violence. Dkt. 17-1 at 1–12. The trial court sentenced petitioner to 29 months' imprisonment. *Id.* at 6.

Petitioner filed his petition. Dkt. 12. In his sole ground for relief, petitioner alleged that his "total confinement" was unlawful because the trial court ordered him to serve the "remaining balance of his sentence on electronic home monitoring or [its] equivalent." *See id.* at 10–11. For relief, petitioner sought immediate release from prison on electronic home monitoring or its equivalent. *See id.* at 10–11, 26.

Respondent filed a response. Dkt. 16. As relevant here, respondent stated that petitioner was "expected to [be] release[d] from custody on September 14, 2021." *Id.* at 1 (citing Dkt. 17-1 at 18).

Petitioner filed a reply. Dkt. 20. In the reply, he repeated the contention that he is entitled to release on electronic home monitoring or its equivalent and requested an evidentiary hearing based on respondent's failure to give him state court records. *See id.*

On September 3, 2021, petitioner filed notices with the Court updating his address and stating that he would be released on September 4, 2021. Dkts. 22–23.

AND ORDER TO SHOW CAUSE - 2

# DISCUSSION

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). To satisfy this "case or controversy" requirement, "parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted). If a party no longer has a personal stake in the outcome of the lawsuit, the lawsuit is moot and the court lacks jurisdiction to hear it. *See Lewis*, 494 U.S. at 477; *see also Spencer*, 523 U.S. at 7. "[C]ourts . . . have an independent obligation to determine whether . . . jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

A petitioner's release from prison may deprive him of a personal stake in the outcome of a lawsuit, thus mooting it. *See Spencer*, 523 U.S. at 7. A petitioner "wishing to continue his [habeas petition] after the expiration of his sentence must suffer some continuing injury or collateral consequence sufficient to satisfy Article III." *See United States v. Juv. Male*, 564 U.S. 932, 936 (2011) (citation and internal quotation marks omitted). "When the [petitioner] challenges his underlying *conviction*, [the Supreme Court's] cases have long presumed the existence of collateral consequences." *Id.* (citations omitted). "But when a [petitioner] challenges only an expired sentence, no such presumption applies." *Id.* (citation omitted). Therefore, the petitioner bears "the burden of identifying some ongoing collateral consequence" that he can trace to the portion of the sentence that he challenges and that a favorable judicial decision can likely remedy. *See id.* (alteration adopted) (citation and internal quotation marks omitted).

Here, the petition appears to be moot. Petitioner has represented that he was released from prison on September 4, 2021, and respondent's evidence is consistent with this

representation. Furthermore, petitioner argued that his judgment of conviction entitled him to immediate release on electronic home monitoring or its equivalent. Thus, petitioner challenged the legality of his sentence, not the legality of his underlying conviction. Therefore, petitioner must show an ongoing collateral consequence that he can trace to the challenged portion of his sentence and that an order of this Court would likely remedy. But no such consequence is apparent on the face of the record. Notably, petitioner has already received the relief he sought, i.e., release from incarceration.

In short, the petition appears to be moot. So petitioner must show cause why this Court should not dismiss the petition as moot.

Petitioner filed a motion to amend his petition. Dkt. 18. In this motion, petitioner expressed concern that he would have served his entire sentence before the Court ruled on the petition. *Id.* at 2. Therefore, he sought a declaratory judgment that his petition was meritorious. *See id.* at 3.

This motion is deficient. For one, petitioner failed to "attach a copy of the proposed amended pleading as an exhibit to the motion." Local Rule 15. Furthermore, petitioner essentially seeks a judgment declaring that his petition is meritorious. But the Court cannot grant such relief here because "the Declaratory Judgment Act may not be used as a substitute for habeas corpus." *Benson v. State Bd. of Parole & Prob.*, 384 F.2d 238, 240 (9th Cir. 1967) (citation and quotation marks omitted). This "futility of amendment" warrants denial of this motion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court denies petitioner's motion for evidentiary hearing without prejudice. Petitioner contends that respondent has not "furnished" relevant "transcripts" and "sentencing hearing minutes," including the plea hearing transcript. Dkt. 19 at 1–2. However, petitioner raised this

AND ORDER TO SHOW CAUSE - 4

argument in his reply. Dkt. 20 at 9–11. So this motion is duplicative. Furthermore, the petition appears to be moot. Therefore, any order directing respondent to provide state court records, or any evidentiary hearing in this regard, would be premature. If petitioner manages to show cause why this Court should not dismiss the petition as moot, this Court will order respondent to address this issue. This Court's review of the record does not indicate that petitioner would require any additional state court record to show that his petition is not moot.

Accordingly, this Court **ORDERS** as follows:

1. On or before **October 20, 2021**, petitioner **must file** a response to this order in which he shows cause why this Court should not dismiss the petition as moot.

2. The response, whether handwritten or typewritten, **must not exceed ten (10) pages** and **must comply** with this District's Local Rules governing form of filings, including Rules governing text size, margin size, and line spacing. Local Rule 10(e)(1).

3. The response **must not** incorporate by reference any argument or text from any other document, including any exhibit. However, petitioner may, if he wishes, submit any document or evidence necessary to support the response.

4. On or before **November 1, 2021**, respondent must file a reply to petitioner's response to this show cause order. The reply must comply with paragraphs 2 and 3 in this instructional part of this order.

5. Failure to comply with this order **may result in dismissal of the petition or the imposition any appropriate sanction**.

Petitioner's motion to amend (Dkt. 18) is **DENIED**. Petitioner's motion for evidentiary hearing (Dkt. 19) is **DENIED WITHOUT PREJUDICE**. The clerk is **DIRECTED** to send petitioner a copy of this order and to **RENOTE** the petition for **November 1, 2021**.

1  Dated this 20th day of September, 2021.

*[signature]*

J. Richard Creatura
Chief United States Magistrate Judge