UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON T. GATES,

        Petitioner,

v.

JEFFREY UTTECHT,

        Respondent.

CASE NO. 2:21-cv-00690-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 12, 2021

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. This Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner sought release from incarceration in his petition but, during its pendency, he was released from prison. So, by October 20, 2021, this Court ordered him to show cause why the petition should not be dismissed as moot. To date, petitioner has not filed a response to the order to show cause ("OSC"). So his petition should be dismissed as moot for the reasons in that

REPORT AND RECOMMENDATION - 1

order. Alternatively, this case should be dismissed for failure to prosecute and/or failure to comply with the OSC.

## BACKGROUND AND DISCUSSION

The procedural history of this case is set forth in the OSC. Dkt. 25. Relevant here, the petitioner alleged that petitioner's incarceration was unlawful because the trial court allegedly ordered him to serve his sentence on electronic home monitoring. *Id.* at 2. However, petitioner was released from prison before this Court ruled on his petition, and release from prison was the only relief he sought. *Id.* at 2, 4. Therefore, on September 20, 2021, this Court ordered petitioner to show cause why the petition should not be dismissed as moot. *Id.* at 5.  Petitioner's response to the OSC was due by October 20, 2021. *Id.* To date, petitioner has not filed a response. Nor has he filed a motion for extension of time or otherwise attempted to justify his failure to file a response. Accordingly, for the reasons in the OSC, the petition should be dismissed as moot. Alternatively, this case should be dismissed for failure to prosecute and/or failure to comply with the OSC.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to this Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[I]f the record . . . precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474. Here, because the petition is moot, there is no basis for an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only if a petitioner has

made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because petitioner has not so shown, a COA should be denied.

### *IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL

Petitioner should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

### CONCLUSION

As discussed above, it is recommended that the petition (Dkt. 12) be **dismissed as moot**. Alternatively, this case should be **dismissed** for failure to prosecute and/or failure to comply with a court order. It is further recommended that this case be **closed** and that a certificate of appealability be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 12, 2021** as noted in the caption.

Dated this 26th day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge